**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 28, 2024

Gregory V. Varallo
Glenn R. McGillivray
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Peter B. Andrews
Craig J. Springer
David M. Sborz
Andrew J. Peach
Jackson E. Warren
ANDREWS & SPRINGER LLC
4001 Kennett Pike, Suite 250
Wilmington, DE 19807

Catherine A. Gaul
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

John L. Reed
Ronald N. Brown, III
Caleb G. Johnson
Daniel P. Klusman
DLA PIPER LLP (US)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

David E. Ross
Garrett B. Moritz
Thomas C. Mandracchia
ROSS ARONSTAM & MORITZ LLP
1313 North Market St., Suite 1001
Wilmington, DE 19801

William M. Lafferty
Susan W. Waesco
Ryan D. Stottmann
Miranda N. Gilbert
Jacob M. Perrone
MORRIS, NICHOLS,
ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801

Rudolf Koch
John D. Hendershot
Kevin M. Gallagher
Andrew L. Milam
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Re: *Richard J. Tornetta v. Elon Musk, et al.,*
C.A. No. 2018-0408-KSJM

Dear Counsel:

This letter addresses the plaintiff's four motions filed on April 23, 2024.[1] I assume that readers are familiar with the background of this action set out in the Post-Trial Opinion, which I issued in January.[2] Readers might not be familiar with the litigation events that followed.

The Post-Trial Opinion is not a final, appealable judgment. That is in part because, generally speaking, a post-trial opinion is not final and appealable under Delaware law until the court resolves any related application for attorney's fees and expenses.[3] The plaintiff's counsel moved for attorney's fees and expenses on March 1, 2024,[4] and the parties stipulated to a July 8, 2024 hearing on the fee petition. Although the dollar amount requested in the fee petition is unusual, the request followed the typical procedural storyline.

Then came a plot twist. On April 17, 2024, Tesla filed its preliminary proxy statement in connection with its annual meeting set for June 13, 2024.[5] Through it, Tesla's Board of Directors (the "Board") proposed that stockholders "ratify" Mr. Musk's compensation award "under Delaware common law or statutory law" (the

---

[1] C.A. No. 2018-0408-KSJM, Docket ("Dkt.") 308, 309, 310, 311.

[2] *Tornetta v. Musk*, 310 A.3d 430 (Del. Ch. 2024).

[3] *Id.* at 548 n.939 (citing cases).

[4] Dkt. 296, Pl.'s Opening Br. in Support of Application for An Award of Fees and Expenses (Fee Petition Opening Br.).

[5] Dkt. 306 (Letter to The Honorable Kathaleen St. Jude McCormick dated April 17, 2024 from John L. Reed enclosing copy of Nominal Defendant, Tesla, Inc.'s Preliminary Proxy) ("April 17 Ltr."), Ex. A (the "Preliminary Proxy").

"Ratification Proposal").[6]  The Board also proposed that stockholders vote to approve moving Tesla's state of incorporation to Texas (the "Texas Proposal").[7]  The Board attached draft bylaws that will be adopted if stockholders vote in favor of the Texas Proposal.[8]  The bylaws contain a forum selection provision designating the newly formed Business Court in the Third Business Court Division of the State of Texas[9] as the exclusive forum for internal governance disputes.[10]

On the day that Tesla filed its preliminary proxy statement, three Delaware law firms entered their appearance as additional counsel to represent nominal defendant Tesla.[11]  One wrote to the court stating that the stockholder vote "would materially impact" the Post-Trial Opinion as well as "the substance and status of" the fee petition.[12]  The letter stated that Tesla "may request" that the July 8 hearing be postponed.[13]

---

[6] *Id.* at 84; *see also id.* at 4 (asking Tesla stockholders to "ratify[] Elon Musk's compensation under the CEO pay package that [its] stockholders previously approved at [its] 2018 special meeting").

[7] *Id.* (asking Tesla stockholders to approv[e] "moving Tesla's state of incorporation from Delaware to Texas").

[8] *See* Preliminary Proxy, Annex C ("Proposed Texas Bylaws").

[9] *See* Tex. Gov't Code Ann. § 25A.002 (creating the Texas Business Court effective September 1, 2023).

[10] Proposed Texas Bylaws at C-27.

[11] Dkts. 305 (Richards, Layton & Finger, P.A.), 306 (DLA Piper LLP (US)), 307 (Morris, Nichols, Arsht & Tunnell LLP).

[12] April 17 Ltr. at 1.

[13] *Id.* at 2.

Concerned by this turn of events, on April 23, 2024, the plaintiff filed three motions: Motion for Expedited Anti-Suit Injunction (the "Anti-Suit Motion"); Motion for Sequestration and Constructive Trust (the "Sequestration Motion"); and Motion to Enter Implementing Order And Award Costs (the "Implementing Motion").[14]

The plaintiff's motions all arise from the same apprehension—that the Tesla stockholder vote "would materially impact" these proceedings because the defendants will seek to evade judgment if Tesla moves its state of incorporation to Texas. The Anti-Suit Motion seeks to enjoin the defendants from litigating this action or any issue relating to this action outside of Delaware.[15] The Sequestration Motion asks the court to sequester or enter a constructive trust over the Tesla common stock underlying the options at issue to ensure that the Post-Trial Opinion is enforceable.[16] The Implementing Motion asks the court to reorder the normal sequence of events and enter a final order implementing the Post-Trial Opinion "to foreclose any conceivable argument" that the Post-Trial Opinion is not enforceable.[17]

Tesla submitted two filings in response to the motions: First, an April 25 letter concerning scheduling issues and, second, a May 7 omnibus opposition.[18]

---

[14] Dkts. 308, 309, 310. The plaintiff also moved to expedite the motions to secure a hearing in advance of the June 13 annual meeting, and I have addressed the motions promptly, given the relief requested. Dkt. 311.

[15] Anti-Suit Mot. at 1.

[16] Sequestration Mot. at 1–2.

[17] Implementing Mot. ¶ 18.

[18] Dkts. 313 ("April 25 Ltr."), 324 ("Tesla Opp'n").

The individual defendants submitted a separate opposition on May 7.[19] The gist of each of the collective defendants' three responses was that there is zero cause for the plaintiff's concern.

In its April 25 letter, Tesla stated that "[i]t is not clear from the [motions] that there is really anything in dispute"[20] and accused the plaintiff of acting with the ulterior purpose of "influenc[ing] the forthcoming stockholder vote."[21]

In its May 7 opposition, Tesla denied any "attempt not 'to obey the [c]ourt's final judgment on the merits.'"[22]  Tesla stated that:

- "Tesla would still be a Delaware corporation at the time of [the stockholder vote]."[23]

- Success on the Ratification Proposal "will not affect any obligations or liabilities of [Tesla] incurred prior to the conversion or the personal liability *of any person* incurred prior to the conversion, nor will it affect the choice of law applicable to [Tesla] with respect to matters arising prior to the conversion."[24]

- A final implementing order is unnecessary because it would be "redundant" and "superfluous" and would "serve[] no substantive purpose."[25]

---

[19] Dkt. 325 ("Ind. Defs.' Opp'n").

[20] April 25 Ltr. at 2.

[21] *Id.*

[22] Tesla Opp'n ¶ 16 (quoting Sequestration Mot. ¶ 4.).

[23] *Id.* ¶ 3.

[24] *Id.* (quoting Preliminary Proxy at 60) (emphasis added).

[25] *Id.* ¶¶ 17–19.

- That Tesla or the other defendants "might someday seek to avoid this [c]ourt's jurisdiction" is "rank speculation[.]"[26]

- Neither the Ratification Proposal nor the Texas Proposal would "interfere with this [c]ourt's jurisdiction over the . . . [f]ee [p]etition or this [c]ourt's ability to enter a final judgment so that the case may be appealed."[27]

- The "threat" of the Texas Proposal is "entirely illusory."[28]

In their May 7 opposition, the individual defendants stated:

- "[N]either the Ratification nor Texas [Proposals] would interfere with this [c]ourt's jurisdiction or its ability to enforce its final judgment, when entered."[29]

I interpret the defendants' April 25 and May 7 representations to the court to mean that neither Tesla nor any of the individual defendants have any current intention of engaging in the conduct about which the plaintiff is concerned. That is: the defendants do not plan to litigate any matter related to this action anywhere but Delaware; any litigation related to the effect of the Ratification Proposal, if it is successful, would be subject to the Delaware forum selection provision in Tesla's bylaws;[30] the defendants will not argue, based on the lack of an implementing order alone, that the Post-Trial Opinion is unenforceable or lacks legal effect; the

---

[26] *Id.* ¶ 25. Tesla made other points too that the court need not reach.

[27] *Id.* ¶ 5.

[28] *Id.* ¶ 23.

[29] Ind. Defs.' Opp'n ¶ 5.

[30] Tesla, Inc., Current Report (Form 8-K) (March 30, 2023), Ex. 3.1, Amended Restated Bylaws of Tesla, Inc., at art. XI, *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/0001318605/000156459023005462/tsla-8k_20230330.htm.

defendants will not file a state or federal action collaterally attacking the Post-Trial Opinion; and the defendants will not argue that rescission is unachievable solely by reason of any successful stockholder vote on the Texas Proposal.

If I have interpreted the defendants' position incorrectly, then defense counsel—as officers of the court—are duty-bound to correct it. In the meantime, the defendants' statements give me great comfort. Based on the defendants' representations, I am denying the plaintiff's motions, albeit without prejudice to re-raise the requests if events warrant.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)